UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 10-8149 DSF (SSx) | Date | 11/8/10 |
|---|---|---|---|
| Title | BAC Home Loans Servicing, LP, et al. v. Joyce Mae Bayangos, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Action to the Superior Court of California, Los Angeles County for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action filed in state court to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Even so, "[t]he removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded back to state court. 28 U.S.C. § 1447(c).

The Court has jurisdiction under 28 U.S.C. § 1331 "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (internal quotation marks omitted). This latter category of cases is "special and small." Id. at 699. Whether a claim raises a "substantial question of federal law" turns on whether the federal questions presented call for "the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). In addition, "in exploring the outer reaches of § 1331, determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." Id. at 317. This means that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

"the federal issue will ultimately qualify for a federal forum [under § 1331] only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts . . . ." Id. at 313-14. In answering this question, courts should assess whether the exercise of jurisdiction could result in "a potentially enormous shift of traditionally state cases into federal courts." Id. at 319.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332 if there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c). A limited partnership is a citizen of every state in which its members are citizens. Kuntz v. Lamar Corp., 385 F.3d 1177, 1182 (9th Cir. 2004) (internal citation omitted).

Defendant has not met her burden of showing the Court has jurisdiction pursuant to § 1331. Plaintiff's complaint alleges only violations of California state law; none are created by federal law. Defendant also has not presented any evidence or made any allegations that plausibly support a finding that this case fits within § 1331's "special and small" category.

Defendant also has not met her burden of showing the Court has jurisdiction pursuant to § 1332 for two reasons. First, Plaintiffs are all limited partnerships, but Defendant has not alleged their members' citizenship. Second, Defendant appears to allege that one of the Plaintiffs is a citizen of California, while she also alleges that she is a citizen of California. (Notice of Removal ¶ 16.) For these reasons, she failed to meet her burden in establishing complete diversity.

The Court may not provide advice to *any* party, including persons who are not represented by a lawyer. (Such persons are known as "pro se litigants.") However, this District does have a "Pro Se Clinic" that can provide information and assistance about many aspects of civil litigation in this Court. The Clinic is administered by Public Counsel, a public interest law firm, and it is staffed by lawyers and a paralegal. In order to benefit from the guidance the Clinic may be in a position to provide, you have to go there directly. The Pro Se Clinic is open to members of the public on Mondays, Wednesdays, and Fridays, from 10:00 a.m. to 4:00 p.m. It is located in Room 525 on the 5th Floor of the U.S. Courthouse at 312 N. Spring Street, Los Angeles, California.

Although the Clinic does not provide assistance telephonically, for further information about it you may call (213) 385-2977, ext. 270. In addition, the Court has information of importance to pro se litigants at the "Pro Se" link on its website, http://www.cacd.uscourts.gov.

IT IS SO ORDERED.